UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON RICHARD EIDAM #266232,

    Plaintiff,                                 Hon. Robert J. Jonker

v.                                                Case No. 1:19-cv-978

COUNTY OF BERRIEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

       The Court has before it Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). (ECF No. 31.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED** as to Defendants Unknown Doctor, Unknown Psychiatrist, and Unknown Medical Provider Company but **DENIED** as to Unknown Intake Nurse.

## Background

       On November 18, 2019, Plaintiff filed a complaint against the County of Berrien and Sheriff L. Paul Bailey alleging various claims based on incidents that occurred while Plaintiff was housed at the Berrien County Jail as a pretrial detainee between August and October 2019. On December 31, 2019, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). (ECF No. 8.) The Court concluded that many of Plaintiff's claims failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) but that Plaintiff stated a Fourteenth Amendment claim against Defendant Bailey for denying Plaintiff his prescribed medications and a free exercise claim under the First Amendment. (ECF No. 8 at PageID.38, 42–44.)

On January 16, 2020, Plaintiff filed an amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). Plaintiff stated that he sought to amend "to correct the record and Plaintiff's mistakes and to add appropriate actors to said suit." (ECF No. 13 at PageID.54.) Consistent with the December 31, 2019 Opinion and Order, Plaintiff alleged claims for deprivation of medical care and free exercise under the First Amendment. Plaintiff added Defendants Unknown Nurse (Intake), Unknown Doctor, Unknown Psychiatrist and Unknown Medical Provider to his deprivation of medical care claim and Unknown Deputy Lange and Unknown Hyun to his free exercise claim.

## Discussion

Defendants move for dismissal of Plaintiff's deprivation of medical care claim, arguing, among other things, that Plaintiff has not identified the basis for his claim, *i.e.*, whether it is a deliberate indifference claim or a state-law negligence claim. Defendants further argue that, even if Plaintiff's claim is considered a deliberate indifference claim, his allegations in the amended complaint fail to establish both the objective and subjective components of such a claim.

As noted, following its initial review, the Court concluded that Plaintiff stated a claim for deprivation of adequate medical care against Defendant Bailey for refusing to give Plaintiff his prescribed medications. Plaintiff thereafter filed an amended complaint to correct the record and add appropriate defendants to the remaining claims.

In general, "[w]hen a pleading is amended pursuant to Federal Rule of Civil Procedure 15(a), the amended pleading supersedes the original pleading." *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011). "If, however, the party submitting the pleading clearly intended the latter pleading to supplement, rather than supersede, the original pleading, some or all of the original pleading can be incorporated in the amended pleading." *Id.* at 811–12 (citing 6 Charles Alan

2

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010)); *see also Anson v. Corrections Corp. of Am.*, No. 4:06 CV 1672, 2007 WL 1467058, at *1 n.2 (N.D. Ohio May 16, 2007) ("Although an amended complaint takes the place of the original pleading, this one is clearly intended to supplement and not replace the original complaint. The court will therefore construe them together, and will refer to them collectively as the amended complaint."). Here, Plaintiff has made it clear enough that he intended his amended complaint to supplement his original complaint by simply adding additional defendants to the two claims that the Court allowed to proceed. The amended complaint refers to the same incidents as the original complaint, contains only the claims allowed to proceed in the December 31, 2019 Opinion and Order, and adds new defendants to those claims. Because "[a] document filed *pro se* is 'to be liberally construed,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), Plaintiff's amendment should be construed as supplementing his original complaint.

The Court concluded in its initial review that Plaintiff's allegations sufficed to state a Fourteenth Amendment claim against Defendant Bailey for denying Plaintiff his prescribed medications. Although it was not clear from Plaintiff's allegations how Defendant Bailey was involved in that refusal, the Court allowed the claim to proceed. (ECF No. 8 at PageID.7.) Plaintiff's allegations in his amended complaint pertaining to Unknown Intake Nurse suffice to state a claim, as Plaintiff states that she was directly involved in denying Plaintiff his medication. (ECF No. 13 at PageID.55.) On the other hand, Plaintiff does not allege that Defendants Unknown Doctor and Unknown Psychiatrist were involved in any aspect of the denial of medication. Plaintiff alleges only that he "never saw the prescribing Dr./Psych," which presumably refers to the jail providers. (ECF No. 13 at PageID.57.) It is well established that a defendant may not be held liable in an action under 42 U.S.C. § 1983 on a respondeat superior theory. *Monell v. Department of Soc.*

*Servs.*, 436 U.S. 658, 691–95 (1978). Instead, "a plaintiff must prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009). "[D]amage claims against government officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)). Here, Plaintiff fails to allege any fact in his amended complaint establishing that Defendants Unknown Doctor and Unknown Psychiatrist were personally involved in the alleged constitutional deprivation. Although Plaintiff includes additional facts in his response to Defendants' motion (ECF No. 32), "a party is not entitled to amend his pleading through statements in his brief." *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977) (citing *Chambliss v. Coca-Cola Bottling Corp.*, 274 F. Supp. 401, 409 (E.D. Tenn. 1967), *aff'd* 414 F.2d 256 (6th Cir. 1969)).

As for the Defendant Unknown Medical Provider—apparently Wellpath (f/k/a Correct Care Solutions)—the Sixth Circuit has applied municipal liability standards to private corporations that provide medical care to prisoners. *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996). As the Court stated in its December 31, 2019 Opinion, a municipality cannot be held liable on a respondeat superior theory. Instead, liability may be imposed only when its policy or custom causes the injury. (ECF No. 8 at PageID.34.) As was the case with the County, Plaintiff fails to allege that a Wellpath policy or custom resulted in the deprivation of adequate medical care. Accordingly, Plaintiff's claim against Unknown Medical Provider (Wellpath) is also subject to dismissal.

**Conclusion**

For the reasons set forth above, I recommend that the Court **grant in part and deny in part** Defendants' Motion to Dismiss (ECF No. 31), dismissing Plaintiff's claims against Unknown Doctor, Unknown Psychiatrist, and Unknown Medical Provider Company but allowing Plaintiff's claim against Unknown Nurse to proceed.

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: November 23, 2020                                        /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge